UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD BARCEY,

        Plaintiff,

                                    Case Number 13-10242

v.                                    Honorable Thomas L. Ludington

FAMILY VIDEO MOVIE CLUB, INC.,
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

A consumer who establishes a willful violation of the Fair and Accurate Credit Transactions Act is entitled to statutory damages up to $1,000 plus "the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. § 1681n(a)(1)(A)(3.)

Here, the defendant has tendered to the plaintiff a check for $1,500. The question is whether the offer moots the case. The Sixth Circuit has not addressed this particular question. But other courts have (albeit in the context of other consumer protection statutes). The consensus is that an offer of the maximum amount of statutory damages plus costs and "reasonable attorney's fees as determined by the court" moots the case. But an offer which places a ceiling on the costs and attorney's fees at a fixed amount does not. Here, because the defendant has tendered a fixed amount for cost and attorney's fees, the offer has not mooted the plaintiff's case. The defendant's motion to dismiss will be denied.

**I**

**A**

Plaintiff Todd Barcey shopped at Defendant Family Video Movie Club. Quite a lot, it would turn out. At some point in 2012, he made a purchase at a Family Video store with his

debit card. He saw that the receipt displayed the first two and last four digits of the debit card number. And so he set off to other Family Video stores. At each store, Plaintiff made purchases with his debit card. Those receipts also displayed the first two and last four digits of the debit card number. Eventually, after traveling to 105 Family Video stores in Michigan and Ohio, Plaintiff came to this Court.

Filing suit in January 2013, Plaintiff brought a putative class action. The single count of the complaint asserts a claim under the Fair and Accurate Credit Transactions Act (FACTA) amendments to the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g).

**B**

That statute requires vendors to truncate credit and debit card numbers on receipts, specifying that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." § 1681c(g)(1).

Negligent violations of FACTA expose a vendor to liability for "any actual damages sustained by the consumer as a result of the [violation]" and "the costs of the action together with reasonable attorney's fees as determined by the court." § 1681o(a)(1)–(2).

Willful violations expose a vendor to liability for "any actual damages sustained by the consumer . . . or [statutory] damages of not less than $100 and not more than $1,000," plus "such amount of punitive damages as the court may allow," plus "the costs of the action together with reasonable attorney's fees as determined by the court." § 1681n(a)(1)(A), (2), (3). A violation is "willful" if it is committed either knowingly or recklessly. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 153 (S.D.N.Y. 2010).

**C**

Plaintiff's complaint alleges that Defendant's violations were willful. As relief, the complaint seeks statutory damages, punitive damages, costs, and attorney's fees. (The complaint does not allege any actual damages.)

In March 2013, Defendant tendered Plaintiff a check for $1,500. Plaintiff has not deposited the check. Nevertheless, asserting that tendering the check moots the claim, Defendant moved to dismiss the complaint in May 2013 pursuant to Federal Rule of Civil Procedure 12(b)(1). About three weeks later, Plaintiff moved for class certification. Defendant's motion to dismiss is now before the Court.

**II**

Rule 12(b)(1) motions challenging a court's subject matter jurisdiction "fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). Here, Defendant brings a factual attack.

When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *Id.* The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). A plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

**III**

**A**

The doctrine of mootness is derived from Article III of the Constitution, which limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2; *see*

*DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *see generally* Henry Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973) ("Mootness is . . . the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).").

The case-or-controversy requirement demands that "parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 478 (1990)); *see generally* Richard Fallon et al., *Hart and Wechsler's the Federal Courts* 194–97 (discussing mootness in class actions).[1]

Consequently, if "the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under [Rule] 12(b)(1), because he has no remaining stake." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011) (quoting *Rand v. Monsanto Co*., 926 F.2d 596, 598 (7th Cir. 1991)); *accord O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009) ("We agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case and reject the plaintiffs' contention that the offer of judgment could not be considered.").

Here, Defendant notes that that the statutory damages are capped at $1,000. And because Plaintiff does not allege any actual damages, Defendant asserts, the tender of the check for $1,500 "moots Plaintiff's lawsuit since he has been tendered more than the statutory maximum that he can recover if he proves a willful violation." Defendant's assertion lacks merit.

---

[1] The federal courts of appeals are divided on whether putative class representatives can avoid mootness by moving for class certification after receiving an offer of full relief. *See generally Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011) (collecting cases). The Sixth Circuit holds that putative representatives cannot. *See, e.g.*, *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993); *Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 156 (6th Cir. 2010). Here, for reasons detailed below, Plaintiff has not received an offer of full relief.

**B**

As a threshold matter, Defendant is correct that Plaintiff's statutory damages are capped at $1,000.  *See Stillmock v. Weis Markets, Inc.*, 385 F. App'x 267, 272 (4th Cir. 2010) (adopting a "per-consumer" rather than a "per-receipt" interpretation of § 1681n(a)); *see also id*. at 275 n\* (Wilkinson, J., concurring) ("The statute's emphasis on the consumer reflects a per-consumer rather than a per-receipt approach to damages. . . .  [W]ere we to adopt a per-receipt approach, FACTA would be transformed from a shield for protecting consumer privacy into a sword for dismembering businesses.  Opportunistic cardholders could intentionally make hundreds, if not thousands, of purchases, hoard their receipts, and stream into federal court to collect statutory damages on each one.").

But the statute also provides that a person who willfully violates the statute "is liable" to the consumer for "the costs of the action together with reasonable attorney's fees as determined by the court."  § 1681n(a)(3).  And, if the violation is willful the court "may allow" the consumer to recover punitive damages.  § 1681n(a)(2).

To initiate this suit, Plaintiff paid a $350 filing fee.  Consequently, the question is whether the remaining $150 is more than the statutory maximum that he can recover in attorney's fees (and, perhaps, punitive damages) if he proves a willful violation.

The Sixth Circuit, as noted, has not yet addressed the particular issue of whether an offer of judgment that places a ceiling on the total amount of attorney fees awarded constitutes an offer of full relief.  Indeed, no reported decision appears to have considered this precise question.  Nevertheless, as a matter of statutory interpretation the answer is plain.

As a threshold matter, as noted FACTA is a part of the Fair Credit Reporting Act, a consumer protection statute.  *See generally* Gail Hillebrand, *After the FACTA: State Power to*

*Prevent Identity Theft*, 17 Loy. Consumer L. Rev. 53 (2004) (discussing FACTA). And other consumer protection statutes contain quite similar remedies.

One such statute is the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k(a). It provides that a debt collector who violates the act "is liable" to a consumer for "any actual damage," statutory damages "not exceeding $1,000," plus "the costs of the action, together with a reasonable attorney's fee as determined by the court." § 1692k(a)(2); *compare* 15 U.S.C. § 1681n(a)(1)(A)(3) (providing that a willful violator of the FACTA "is liable" to a consumer for "the costs of the action together with reasonable attorney's fees as determined by the court."). Decisions evaluating mootness in the FDCPA context are thus instructive.

In those decisions, courts distinguish between a "reasonable" and a "fixed" offer of judgment. The former — one which makes an offer of $1,000, the costs of the action, and "a reasonable attorney's fee" — moots the action because it offers the plaintiff full relief. *E.g.*, *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000). The latter — one which sets a ceiling on the total amount awarded — does not. *See, e.g.*, *Lobianco v. John F. Hayter, Attorney at Law, P.A.*, --- F. Supp. 2d ----, 2013 WL 2097414, at *2 (N.D. Fla. May 14, 2013); *Andrews v. Prof'l Bureau of Collections of Md., Inc.*, 270 F.R.D. 205, 208 (M.D. Pa. 2010); *Edge v. C. Tech Collections, Inc.*, 203 F.R.D. 85, 88 (E.D.N.Y. 2001); *Weissman v. ABC Fin. Servs., Inc.*, 203 F.R.D. 81, 83 (E.D.N.Y. 2001).

In *Ambalu*, for example, the defendant's offer of judgment was for "$1,000, the costs of the action, and a reasonable attorney's fee incurred up through the date of the offer as determined by the court." 194 F.R.D. at 452. The court concluded that the offer mooted the case because it gave the plaintiff "all that [he] could hope to recover through this litigation." *Id*. at 453.

In *Edge*, in contrast, the defendant's offer was for a fixed amount: "$1000 plus attorney's fees and costs in the amount of $2500 for a total offer of $3500." 203 F.R.D. at 88. The court concluded that the offer did not moot the case, explaining that "the attorney's fees and costs provided for by the FDCPA are integral to that statute. Therefore, an offer of judgment that caps those costs and fees cannot represent more money than the plaintiff could receive under the statute." *Id*.

Likewise, in *Weissman* the defendant's "offer of judgment was for the statutory maximum of $1000, plus costs and attorney's fees in the specific amount of $500." 203 F.R.D. at 83. The court again found that the offer did not moot the case.

The rule of these cases is straightforward. Because "reasonable attorney's fees as determined by the court" are mandatory under the FDCPA, a defendant who does not offer reasonable attorney fees does not satisfy the plaintiff's entire demand.

FACTA contains the same mandatory provision. As noted, a defendant who willfully violates the statute's provisions "is liable" for "the costs of the action together with reasonable attorney's fees as determined by the court." § 1681n(a)(1)(A). Consequently, a defendant who does not offer the full amount that the statute provides for does not satisfy the plaintiff's entire demand.

Here, Defendant's offer does not satisfy the plaintiff's entire demand. Consequently, Plaintiff still has a personal stake in the matter and a case or controversy remains.

## IV

Accordingly, it is **ORDERED** that Defendant's motion to dismiss (ECF No. 12) is **DENIED**.

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

Dated: June 27, 2013

---

**PROOF OF SERVICE**
The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 27, 2013.
                        s/Tracy A. Jacobs
                        TRACY A. JACOBS